CULPEPPER, Judge.
Plaintiff sued to enforce a contract whereby he exchanged a thoroughbred mare, Lyles Maid, for defendant’s registered quarter horse, Flying Charger. He prayed that defendant be ordered to transfer certain registration papers and for damages caused by defendant’s failure to execute these papers. Defendant seeks to annul the exchange for fraud and/or error of fact. After a trial on the merits, the district judge held the evidence insufficient to prove fraud or error, but denied plaintiff’s prayer for damages. Defendant appealed. Plaintiff did not answer the appeal.
The essential issue on appeal is factual. It concerns the alleged fraudulent misrepresentation by plaintiff that his horse, Lyles Maid, ran “neck and neck” in a practice race with a fast thoroughbred named “Pine Dandy”. Defendant contends this *873 false and fraudulent statement was the sine qua non of his agreement to exchange Flying Charger for Lyles Maid. Plaintiff contends the statement was true, i. e., that Lyles Maid did in fact run “neck and neck” in a practice race with Pine Dandy.
We see no need to review the testimony. Suffice it to say, that the record fully supports the conclusion reached by the trial judge as follows:
“There is conflict in the testimony throughout as to every circumstance surrounding the race. Various spectators were placed in different places by different witnesses; there is dispute as to the length of the race; there is conflict as to how the horses broke from the gate. One side of the litigation shows that the race was not ‘neck and neck’ whereas the other shows that it was. The jockey on Lyles Maid, Frances Melancon, says that the horses were never ‘neck and neck’. Whereas, Leroy Tauzin the jockey on Pine Dandy considered it a ‘neck and neck’ race because the horses broke the gate a neck apart and remained that way.
“The Court does not believe that this cónflicting and entirely irreconcilable testimony can be considered sufficient evidence to support the contention that there was fraud or error which would justify setting the transfer aside.”
Having reached the above conclusion, it is unnecessary for us to consider plaintiff’s further contention that (1) defendant saw Lyles Maid run other practice races and did not rely entirely on plaintiff’s report of the race with Pine Dandy and (2) that after the exchange defendant neglected Lyles Maid and this was the cause of her poor showing in several races.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.